### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

NEIL C. MATTHEWS, #318466,

               Petitioner,

v.                          CIVIL ACTION NO. 2:06cv173

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

               Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner, Neil C. Matthews ("Matthews"), was convicted by a jury in the Circuit Court for the City of Fredericksburg, Virginia, ("Circuit Court") on September 10, 2002, of first-degree murder.[1] After a sentencing hearing on January 29, 2003, Matthews was

---

[1] Matthews was represented at trial by his court-appointed attorney, Kristie Kane, Esq., and he was represented during his direct appeals by his court-appointed attorney, J. Bruce Strickland, Esq.

sentenced to life imprisonment, as reflected in the Court's Sentencing Order of February 3, 2003.  Record No. CR01-150.

On February 21, 2003, Matthews noted his intent to appeal to the Court of Appeals of Virginia.  Thereafter, after receiving an extension of time, Matthews filed the petition for appeal in the Court of Appeals on June 23, 2003.[2]  That petition was denied on the merits by the Court of Appeals, first by a single judge on December 31, 2003,[3] Record No. 0440-03-2 (Matthews I"), and then by

---

[2]In that petition, Matthews raised the following grounds for appeal:
(1) The trial court erred in denying defense counsel's motion to suppress and allowing the petitioner's statements, as well as other evidence to be presented at trial;
(2) The trial court erred in not striking a juror who knew and was familiar with a witness for the Commonwealth and for striking for cause a juror who inquired about the time for trial;
(3) The trial court erred in not granting defense counsel's motion to strike either at the conclusion of the Commonwealth's evidence or at the conclusion of the case and by thereby finding that the evidence was sufficient to support a conviction; and
(4) The trial court erred in not allowing a jury instruction on the issue of self-defense.

[3]The Court of Appeals denied the petition on the following basis:
(1) The trial court did not err in denying defense counsel's motion to suppress blood evidence taken when police were permitted to swab Matthews's ear lobe and when police seized Matthews's socks.  Matthews I, at 2-3.  The evidence in the record established that Matthews was under arrest and in custody when police noticed the blood on his ear and on his sock, thus police were permitted to swab his ear and seize the sock to prevent the concealment or destruction of the evidence.  Id. at 2. The court also found that the trial court necessarily rejected testimony by Matthews that police swabbed the inside of his ear instead of only the ear lobe. Id. at 3.
Further, the Court of Appeals refused to consider that portion of the claim in which Matthews asserted his statements made to police should have been suppressed because he made them before

a three-judge panel on April 1, 2004,[4] Record No. 0440-03-2

(Matthews II").

On May 3, 2004, Matthews appealed his convictions to the Supreme Court of Virginia.[5]   On September 1, 2004, the Supreme

_____

counsel was appointed.  Id.  The court determined that the argument was never presented to the trial court, and thus, pursuant to Ohree v. Commonwealth, 26 Va. App. 299, 308 (1998), could not be considered by the Court of Appeals under Va. Ct. App. R. 5A:18. Matthews I, at 3;
        (2) The trial court did not err in denying the defense's motion to strike juror number fourteen (14) for cause based upon that juror's admitted familiarity with two (2) of the Commonwealth's witnesses.  Matthews I, at 3-4.  The court noted that the fact the juror knew the witnesses was not grounds for excluding him, and the witnesses's responses during voir dire did not suggest that he "was merely assenting to persuasive suggestions that he could be impartial."  Id. at 4.
        Further, the Court of Appeals determined the trial court did not err in granting the Commonwealth's motion to strike juror number thirteen (13) after that juror raised a concern about the adequacy of the amount of time allotted to the trial.  Id.;
        (3) The trial court did not err in denying defense counsel's motion to strike, either at the conclusion of the Commonwealth's evidence or at the conclusion of the case, based on the argument that the evidence was insufficient to prove premeditation.  Id. at 5.  The court reviewed the evidence, and determined that, based upon the severity of the wounds suffered by the victim, the petitioner's admissions that he left the victim's room by a window, and the conflicting statements petitioner gave to the investigating officer regarding the incident, there was sufficient circumstantial evidence to prove premeditation.  Id. at 6; and
        (4) The trial court did not err in denying a jury instruction on the issue of self-defense because, based upon petitioner's own admissions to the investigating officer, there was no evidence to establish that he feared death or serious bodily harm.  Id. at 6-7.

    [4]In that decision the Court of Appeals relied upon and reaffirmed the reasoning stated in Matthews I.

    [5]The grounds for this appeal were the same as those presented to the Court of Appeals.  See supra, note 2.
        The Court further notes that on May 11, 2004, Matthews moved for leave to file an amended petition, but the Supreme Court of

Court of Virginia summarily refused the petition for appeal. Record No. 041042 ("Matthews III"). Matthews then filed a petition for certiorari in the United States Supreme Court, which was denied by order dated May 31, 2005.

On January 19, 2006,[6] Matthews executed a petition for a writ of habeas corpus in the Supreme Court of Virginia ("state habeas petition"),[7] which was dismissed on March 10, 2006 as untimely

Virginia denied the motion by order dated June 4, 2004.

[6]The petition appears to have been executed on January 19, 2006, but it was not stamped as filed by the court until January 25, 2006.  The Court notes that a Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing."  Va. Sup. Ct. R. 3A:25.  In the absence of evidence to the contrary, the Court has applied this rule in considering Matthew's state habeas petition as filed on January 19, 2006.

[7]The grounds for this petition were:
    (1) Trial counsel was ineffective for failure to re-subpoena the medical examiner so as to introduce readily available evidence that would have supported and corroborated assertions of actual innocence through an alibi defense;
    (2) Trial counsel was ineffective for failure to establish a reasonable defense during opening statement;
    (3) Trial counsel was ineffective for failure to effectively cross-examine witnesses about relevant facts;
    (4) Trial counsel was ineffective for failure to challenge search and seizure by the police;
    (5) Trial counsel was ineffective for failure to investigate, locate and interview witnesses;
    (6) Trial counsel was ineffective for failure to independently investigate the Commonwealth's forensic evidence;
    (7) Trial counsel was ineffective for failure to independently conduct forensic testing of the Commonwealth's evidence;
    (8) Trial counsel was ineffective for failure to object to statements made by Matthews at the jail, in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and admitted into evidence;

4

under Va. Code Ann. § 8.01-654(A)(2).[8]  Record No. 060182 (<u>Matthews</u>

_____

(9) Trial counsel was ineffective for failure to object to the Commonwealth's Attorney's knowingly and willfully providing false material testimony at trial as to when the victim was murdered;

(10) Trial counsel was ineffective for failure to object to the Commonwealth's Attorney admitting into evidence a statement by Matthews that was obtained and procured by trickery and coercion, without a valid waiver of his right to remain silent;

(11) Trial counsel was ineffective for failure to show the possibility that evidence was manufactured and planted at the scene of the crime;

(12) Trial counsel was ineffective for failure to present adequate evidence or raise a defense to show the Commonwealth's case lacked proof beyond a reasonable doubt;

(13) Trial counsel was ineffective for failure to call a material witness at the suppression hearing of September 4, 2002;

(14) Trial counsel was ineffective for failure to call as a witness the pathologist to assist specifically in identifying the time of death and to compare wounds on the victim with the alleged murder weapon;

(15) Appellate counsel was ineffective for failure to perfect on appeal the claim that the trial court's denial of his motion to suppress was in violation of his Fourth Amendment rights;

(16) Appellate counsel was ineffective for failure to perfect on appeal the claim regarding trial counsel's noted exception to the court's denial of a continuance for the defense to have additional time to assert a more viable defense;

(17) Appellate counsel was ineffective for failure to perfect on appeal a meaningful claim regarding the trial court's denial of the motion to strike; and

(18) The cumulative effect of errors by trial counsel denied Matthews due process, which rendered the trial as a whole fundamentally unfair.

[8]"A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. § 8.01-654(A)(2).  In the instant case, the date of final judgment in the trial court was February 3, 2003, when the final sentencing order was entered, and the final disposition of Matthews's direct appeal in the state court was September 1, 2004, when the Supreme Court of Virginia refused the appeal.  Thus, Matthews would have had until September 1, 2005 in which to timely file his state habeas petition.  Because the Court has considered

IV).

On March 14, 2006, while in the custody of the Virginia Department of Corrections at the Wallens Ridge State Prison,[9] Matthews executed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("federal habeas petition"),[10] which was accompanied by a supporting memorandum ("Petitioner's Memorandum").  The Court directed that this petition be filed in its order of March 31, 2006.  On April 28, 2006, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting brief ("Respondent's Brief") and a Notice of Motion

---

Matthews's state habeas petition as filed, for statute of limitations purposes, on January 19, 2006, see supra note 6, it appears that petition was more than four (4) months out of time. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of 2244(d)(2)."  Pace v. DiGuglielmo, 125 S. Ct. 1807, 1812 (2005).

[9]On January 26, 2007, the Court received notice that Matthews had been transferred to Keen Mountain Correctional Center, where he is presently incarcerated.

[10]The federal habeas petition was executed on March 14, 2006, was received by the United States District Court for the Eastern District of Virginia, Richmond Division, on March 20, 2006, and was conditionally filed with this Court on March 23, 2006.  Though the petition was accompanied by a request to proceed in forma pauperis, Matthews subsequently paid the required $5.00 filing fee, and the Court directed the petition to be filed in its order of March 31, 2006.  Pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(d), as amended on December 1, 2004, the Court recognizes the prison mailbox rule for federal habeas petitions.  Accordingly, as there is no evidence in the record to the contrary, the Court will assume that Matthews delivered his federal habeas petition for mailing on the date he signed it, March 14, 2006.  Further, the Court considers the petition as being filed, for statute of limitations purposes, on that date.

Pursuant to Local Rule 7(J).[11]  On May 12, 2006, Matthews filed Petitioner's Reply Brief in Opposition to Respondents [sic] Brief to [sic] Motion to Dismiss "(Petitioner's Reply Brief").[12]

## B. Grounds Alleged

Matthews now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follows:

(1)  Trial counsel was ineffective for failure to re-subpoena the medical examiner so as to introduce readily available evidence that would have supported and corroborated assertions of actual innocence through an alibi defense;

(2)  Trial counsel was ineffective for failure to establish a reasonable defense during opening statement;

(3)  Trial counsel was ineffective for failure to effectively cross-examine witnesses about relevant facts;

(4)  Trial counsel was ineffective for failure to challenge search and seizure by the police;

(5)  Trial counsel was ineffective for failure to investigate, locate and interview witnesses;

(6)  Trial counsel was ineffective for failure to independently investigate the Commonwealth's forensic evidence;

---

[11]The Court notes that Respondent's Notice of Motion erroneously referred to the Local Rule 7(J), instead of Local Civil Rule 7(K), but the Notice complied with the requirements of Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975). This included advising Matthews that he had twenty (20) days in which to file a response to the Motion to Dismiss.

[12]The Court notes that on April 12, 2006 Matthews also filed a motion seeking to exceed the page limitation in his reply brief, which the Court denied for failure to show good cause by Order, dated May 2, 2006.

In addition, on November 17, 2006, Matthews filed a Motion for Discovery to Fully Develope [sic] Exculpatory Evidence, which the Court denies infra.

(7)   Trial counsel was ineffective for failure to independently conduct forensic testing of the Commonwealth's evidence;

(8)   Trial counsel was ineffective for failure to object to the Commonwealth's Attorney admitting into evidence a statement by Matthews that was obtained and procured by trickery and coercion, without a valid waiver of his right to remain silent; and

(9)   The cumulative effect of errors by trial counsel denied Matthews due process, which rendered the trial as a whole fundamentally unfair, namely:

(A) Trial counsel was ineffective for failure to object to the Commonwealth's Attorney's knowingly and willfully providing false material testimony at trial as to when the victim was murdered;

(B) Trial counsel was ineffective for failure to show the possibility that evidence was manufactured and planted at the scene of the crime;

(C) Trial counsel was ineffective for failure to present adequate evidence or raise a defense to show the Commonwealth's case lacked proof beyond a reasonable doubt;

(D) Trial counsel was ineffective for failure to call a material witness at the suppression hearing of September 4, 2002; and

(E) Trial counsel was ineffective for failure to call as a witness the pathologist to assist specifically in identifying the time of death and to compare wounds on the victim with the alleged murder victim.

Each of these claims was raised in Matthew's state habeas petition, which was dismissed by the Supreme Court of Virginia on March 10, 2006 as untimely under Va. Code Ann. § 8.01-654(A)(2).

## II. PETITIONER'S MOTIONS FOR DISCOVERY AND FOR AN EVIDENTIARY HEARING

As a preliminary matter, the Court considers Matthews's motion to conduct discovery. Pursuant to Rule 6 of the Rules Governing Section 2254 Cases, a petitioner must obtain leave of court, upon a showing of good cause, to conduct discovery. Because Matthews's

claims are dismissed _infra_ as procedurally defaulted, and because Matthews has failed to establish good cause, the Court DENIES the motion to conduct discovery.

In addition, the Court considers Matthews's motion for an evidentiary hearing.  The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised.  See Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the Court DENIES Matthews's motion for an evidentiary hearing.

### III.  **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court need not address the merits of Matthew's federal habeas petition because the Court FINDS that the claims are procedurally defaulted before this Court.

### A.  **Procedural Default**

Generally, a § 2254 petitioner must exhaust his claims in state court before he may be heard in federal court.  Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004); Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000); Matthews v. Evatt, 105 F.3d 907, 910 (4th Cir. 1997).  If his claims could not be exhausted in state court because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are procedurally defaulted in federal court and federal habeas review is ordinarily barred.  Coleman v. Thompson, 501 U.S. 722,

9

750 (1991).

The Court finds that Matthews's petition is procedurally defaulted in this Court because he failed to timely submit his state habeas petition to the Supreme Court of Virginia, Va. Code Ann. § 8.01-654(A)(2), see supra note 8, and, consequently, the claims in that petition were properly procedurally defaulted under Virginia law.  Va. Code Ann. § 8.01-654(B)(2); see Wise v. Williams, 982 F.2d 142, 143, 146 (4th Cir. 1982) (affirming district court's conclusion that state habeas claim was procedurally defaulted due to prisoner's failure to timely file his notice of appeal).  The Fourth Circuit has held that such procedural rules are independent-and-adequate state-law grounds for rejecting a habeas petitioner's claims, barring federal habeas review.  Id. at 146; see also Mueller v. Angelone, 181 F.3d 557, 583-84 (4th Cir. 1999); Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1999); Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986).  Thus, Matthews's petition is procedurally defaulted before this Court as well.[13]

---

[13]Under well-established federal law, the petitioner's claims must be exhausted in the Supreme Court of Virginia before this Court can consider a federal habeas petition on the merits.  Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993).  Further, even if this Court was able to review Matthew's claims on the merits, it would be required to give deference to the Supreme Court of Virginia's ultimate result, and only overturn that result if it is contrary to established federal law or relies on an unreasonable determination of the facts in light of federal law.  Williams v. Taylor, 529 U.S. 362, 413 (2000); Bell v. Jarvis, 236 F.3d 149, 158 (4th Cir. 2000).

## B. <u>Limited Exceptions to Procedural Default</u>

Although Matthews's claims are procedurally defaulted, he may still obtain review of his claims if he can establish either: (1) cause for the default <u>and</u> demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he is convicted. <u>Clagett</u>, 209 F.3d at 379 (citing <u>Coleman</u>, 501 U.S. at 750); <u>Weeks v. Angelone</u>, 176 F.3d 249, 269 (4th Cir. 1999).

### 1. Cause and Actual Prejudice Exception

Cause refers to "some objective factor external to the defense" that impeded compliance with the State's procedural rule. <u>Strickler v. Greene</u>, 527 U.S. 263, 283 n.24 (1999) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) the novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

<u>Wright v. Angelone</u>, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting <u>McCleskey v. Zant</u>, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. <u>See Hoke v. Netherland</u>, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

Matthews simply failed to timely file his state habeas petition in the Supreme Court of Virginia. In the instant

11

petition, Matthews attempts to explain his failure to do so by stating that the writ of certiorari filed in the United States Supreme Court "did not toll time" for filing of his state habeas petition.  Federal petition, at 6, 8, 9, 11, 14.  He states no supporting authority for this proposition, and the Court notes that the state's procedural requirement concerning the filing of a state habeas corpus petition, Va. Code Ann. § 8.01-654(A)(2), does not turn on whether or not a petitioner has applied for certiorari from the United States Supreme Court.  <u>See supra</u> note 8.  Matthews provides no other explanation for his failure to meet the state's procedural rules, and none of the above-referenced factors support a finding of cause.  First, Matthews has failed to make any showing that action by the government prevented him from raising the issue on appeal.  <u>See</u> <u>Smith v. United States</u>, 2005 WL 2657386 at *2 (E.D. Va.)  Second, Matthews has not made a credible showing that he or his counsel were unaware of the circumstances underlying this claim.[14]  <u>See id.</u>  Third, Matthews does not make any assertion of

---

[14]Indeed, even were the Court to construe Matthews to argue that he should be excused for his unfamiliarity with the legal system and his <u>pro se</u> status, such factors do not constitute cause because these are not "objective factor[s] external to the defense" under <u>Murray</u>, 477 U.S. at 488.  <u>See, e.g.</u>, <u>Dellinger v. Bowen</u>, 301 F.3d 758, 766 (7th Cir. 2002) ("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), <u>cert. denied</u>, 537 U.S. 1214 (2003); <u>Washington v. James</u>, 996 F.2d 1442, 1447 (2d Cir. 1993) (ignorance or inadvertence do not constitute cause to excuse a procedural default); <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004) (<u>pro se</u> petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable

a new rule of law that would justify cause in this instance.
Finally, Matthews cannot establish cause by asserting ineffective
assistance of counsel at this juncture because he never exhausted
the ineffective assistance of counsel claims in a state court
proceeding.  See Edwards v. Carpenter, 529 U.S. 446, 453 (2000);
see also Williams v. French, 146 F.3d 203, 210 n.9 (4th Cir. 1998)
(ineffective assistance of counsel claim "must be presented to the
state courts as an independent claim before it may be used to
establish cause for a procedural default") (citing Murray v.
Carrier, 477 U.S. 478, 489 (1986)).  Consequently, Matthews has
failed to establish the requisite cause for his failure to comply
with the applicable state procedural rules for this Court to hear
his petition on the merits.[15]

## 2. Fundamental Miscarriage of Justice Exception

In the instant case, Matthews also attempts to invoke the
miscarriage of justice exception to procedural default, alleging

---

tolling because they are not extraordinary circumstances beyond his
control).

[15]Insofar as Matthews has failed to establish the requisite
cause to excuse the procedural default, the Court need not consider
whether Matthews has provided adequate grounds for a determination
of actual prejudice as a result of the defaulted claims.  The Court
does note, however, that to establish prejudice, it is the
petitioner's burden to demonstrate "not merely that the errors at
his trial created a possibility of prejudice, but that they worked
to his actual and substantial disadvantage, infecting his entire
trial with error of constitutional dimensions." Williams, 146 F.3d
at 210 (quoting United States v. Frady, 456 U.S. 152, 170 (1982))
(other citations omitted).

that he is actually innocent of the crime for which he was convicted.  See Schlup v. Delo, 513 U.S. 298, 321 (1995). Specifically, Matthews has asserted that his default is excusable under the "fundamental miscarriage of justice" exception, based upon a showing of actual innocence, which presumably would have been established had certain evidence been presented at trial. Petitioner's Reply Brief, at 8-9.  Matthews does not articulate with clarity what evidence would have established his actual innocence, instead his petition merely contains the conclusory statement: "All of Petitioner's claims are supported by reliable evidence[,] whether exculpatory, scientific, trustworthy witnesses [sic] account [sic], and critical physical evidence that was not presented at trial."[16]  Id. at 9.

    "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Herrera v. Collins, 506 U.S. 390, 404 (1993).  Despite procedural default, therefore, the Court may reach the merits of Matthews's claim, but only upon a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup, 513 U.S. at 327 (quoting

---

[16]Also, Matthews cites generally, without explanation, Schlup v. Delo, 513 U.S. 298 (1995), and Murray v. Carrier, 477 U.S. 478 (1986), and he refers the Court generally to the supporting memorandum that accompanied his federal habeas petition as support for this assertion.

<u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986)).

Matthews must therefore show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."  <u>Id.</u>

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in light of the new evidence, but rather than no reasonable juror would have found the defendant guilty. . . . [A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

<u>Id.</u> at 329.  In support of a claim of actual innocence, "a petitioner must offer 'new reliable evidence . . . that was not presented at trial,'" <u>Royal v. Taylor</u>, 188 F.3d 239, 244 (4th Cir. 1999) (quoting <u>Schlup</u>, 513 U.S. at 324), and the Court must evaluate the credibility of the new evidence offered.  <u>See</u> <u>O'Dell v. Netherland</u>, 95 F.3d 1214, 1250 (4th Cir. 1996), <u>aff'd</u>, 521 U.S. 151 (1997).  It is the petitioner's burden to establish the exception, and, as Matthews has acknowledged, federal habeas petition, at 8, this requires a showing that but for the asserted constitutional errors, no reasonable juror would have found him guilty.  <u>See</u> <u>Hazel v. United States</u>, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (citing <u>Herrera v. Collins</u>, 506 U.S. 390, 401-02, 429 (1993) (White, J., concurring), incorporating the standard established in <u>Jackson v. Virginia</u>, 443 U.S. 307, 317 (1979)).

The Court has construed Matthews to assert the essence of this

15

exception in his arguments supporting claims 1 and 2, namely, that his trial counsel was ineffective for failure to introduce certain evidence from the medical examiner's report, which Matthews alleges was redacted by counsel and would have supported and corroborated Matthew's actual innocence through an alibi defense, and for failure to mention during opening statement the time of death of the victim. Federal habeas petition, at 4-5, 10-11. Specifically, Matthews now argues that his counsel was ineffective for failing to "re-subpoena" Dr. F.A. Phillips, the medical examiner who completed the preliminary police investigation report,[17] to provide testimony at trial that would have established Matthews could not have killed the victim. Id. at 4. Matthews also argues that his trial counsel erred in allowing the Preliminary Medical Examiner's Investigation report to be "redacted,"[18] and that the report was never introduced

---

[17]The Court notes that Dr. Phillips's report, which was ostensibly prepared following his initial investigation of the death scene, and signed on January 23, 2001, two (2) days after the death, established an initial time and cause of death of the victim and contained the following sequence of events:

        Last Seen Alive: 01-21, 1930
        Injury or Illness: 01-21, 2200
        Death: 01-21, 2200
        View of Body: 01-22, 1230

Report of Investigation by Medical Examiner ("Preliminary Medical Examiner's Investigation"), Exhibit 1-A to Federal habeas petition, at 1.

[18]It appears that Matthews refers to an in-chambers colloquy between counsel and the trial judge during jury selection, in the context of defense counsel's motion to strike one of the potential jurors, juror number thirty, who indicated she knew Dr. Phillips,

into evidence, which ultimately led to counsel's inability to establish an adequate alibi defense.  Id. at 9.  Matthews states that the time line established by Dr. Phillips's report reveals that Matthews, who admitted that he fought with the victim, and that the victim sustained "some type of wounds" as a result of that fight, could not have been the killer.  Id. at 5-6.  Matthews relies on the fact that while the medical examiner's Preliminary Medical Examiner's Investigation report stated that the victim was

---

the local coroner who prepared the Preliminary Medical Examiner's Investigation report, and there was a discussion about whether that juror should be struck for cause.  Trial Transcript, at 88-96. Matthews was also present during the colloquy.  The issue turned on whether the Preliminary Medical Examiner's Investigation report needed to be redacted to eliminate the name of Dr. Phillips for the ostensible benefit of allowing this juror to serve, if called.  Id. at 95.  Based on the arguments and proffers of counsel, it was determined that Dr. Phillips was not being called to testify in person, while the doctor who performed the autopsy, a physician based in Richmond, Virginia, was subpoenaed to testify at trial. Id. at 90-91.  Based on that determination, defense counsel withdrew the objection to juror number thirty, and it appears the trial court made no ruling on the redaction of the Preliminary Medical Examiner's Investigation report.  Id. at 95-96.

During that exchange, Matthews expressed his concern over what it means for something to be "redacted," which indicates he may have misunderstood the trial court's statement regarding the effect of a redaction:

DEFENDANT MATTHEWS: Excuse me, I don't understand what redacted means.
THE COURT: It means to remove it, cover it up.
DEFENDANT MATTHEWS: What is covering what?  I mean, what's being covered, if you don't mind me asking.
THE COURT: Your attorney will answer.
DEFENDANT MATTHEWS: Thank you, Your Honor.

Trial Transcript, at 94.  In any event, it does not appear the report was ultimately redacted, thus the issue appears to be moot.

last seen alive at 7:30 p.m. on January 21, 2001, the testimony of certain witnesses and other evidence placed Matthews away from the scene of the crime at that time, which excluded Matthews as the killer. Id. at 9.

Matthews does not identify new evidence to establish a basis upon which this Court can conclude that, but for the failure of this evidence to be presented at trial, no reasonable juror would have convicted him.  The Commonwealth's version of the time line for this crime would have been established through its presentation of the autopsy results and its accompanying report, which was obtained by the testimony of the medical examiner who performed the autopsy, and which was subject to the cross-examination by defense counsel.  The jury had the benefit of hearing such evidence and was able to weight it accordingly.  Matthews's conclusory claims of "actual prejudice" fall short of the test for miscarriage of justice, which requires a showing that no reasonable juror would have found him guilty, see Weeks, 176 F.3d at 269, and consequently, are insufficient for this Court to excuse the procedural default and consider Matthews's claims on the merits.

As such, the Court FINDS that Matthews has failed to establish there was new reliable evidence that was not presented at trial that would have made it more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, the Court FINDS that the claims raised in the instant

petition are procedurally barred before this Court and RECOMMENDS denial of Matthews's petition with respect to all claims.

## IV.  **RECOMMENDATION**

For the foregoing reasons, the Court, having denied Matthews's motions for discovery and for an evidentiary hearing, recommends that Matthews's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Matthews's claims be DISMISSED WITH PREJUDICE.

Matthews has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's

19

specific objections within ten (10) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b).

2.  A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

Entered on January 30, 2007

_____/s/_____

F. Bradford Stillman
United States Magistrate Judge

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

Neil C. Matthews
Keen Mountain Correctional Center
P.O. Box 860
Oakwood, Virginia 24631
PRO SE

Alice T. Armstrong, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT


Fernando Galindo,
Acting Clerk of Court


By: _____
Deputy Clerk

January      , 2007

21